**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

LENER LENIN GUZMAN CHAVARRIA          CIVIL ACTION NO. 26-0091

VERSUS                                                           JUDGE S. MAURICE HICKS, JR.

SHAD RICE,  ET AL.                                       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion for Temporary Restraining Order (Record Document 2) filed by the habeas petitioner in this case, Lener Lenin Guzman Chavarria ("Petitioner"). Petitioner entered the United States on May 10, 2021. See Record Document 1 at 1. At that time, he was an unaccompanied minor. See id. On December 2, 2025, Petitioner was arrested by Customs and Border Protection. See id. He was charged with having entered the United States without admission or parole. See id. at 2. On January 7, 2026, the Immigration Judge hearing Petitioner's removal proceeding denied his request for bond, finding the court lacked jurisdiction to grant bond. See id. at 3; see also Record Document 1-4.

On January 12, 2026, Petitioner filed a Habeas Petition (Record Document 1) and the instant Motion. The Habeas Petition challenges the legality of his detention and seeks declaratory and injunctive relief. See Record Document 1. Specifically, Petitioner asks the Court to declare his detention unlawful and to immediately release him. See id. at 15. Alternatively, he seeks a bond hearing pursuant to 8 U.S.C. § 1226(a) within three days. See id. Likewise, in the instant motion, Petitioner seeks immediate release or, alternatively, an order that a bond hearing pursuant to 8 U.S.C. § 1226(a) must occur within three days. See Record Document 2 at 1.

An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017).  Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner seeks injunctive relief that mirrors the relief requested in his Habeas Petition, that is, immediate release or a bond hearing.  Recently, another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." Lackey v. Stinnie, 604 U.S. 192, 200 (2025).  In other words, they should not be used to rule on the final, merits question.
> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered. Id. at 193. That begs the question: what does it mean to preserve the status quo? While the

2

words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong. . . . Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974); see also Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." Callaway, 489 F.2d at 573.

Pema Sherpa v. Judith Almodovar, et al., No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026). A ruling on the instant Motion should not resolve the legal disputes in this case. Thus, to the extent Petitioner asks for an order of immediate release from custody or to compel an expedited bond hearing, the Court views this request as an effort to obtain a ruling on the merits of his Habeas Petition through injunctive relief. Petitioner's motion for injunctive relief is essentially a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025).

Moreover, the Court acknowledges that Petitioner's motion addresses his liberty, a paramount natural right. But context matters in this instance. A final ruling on the merits of the Habeas Petition in this matter does not appear to be too little, too late. Petitioner has not shown that he faces imminent removal or the existence of something else that would make a favorable ruling on his Habeas Petition too little, too late. The Court does not believe he has shown irreparable harm based upon his allegations in the record (Record Document 2-1 at 21-22), and so, he is not entitled to preliminary relief.

Of course, these findings could change such that Petitioner's request for preliminary relief might become appropriate. Additionally, the Court believes this matter is best suited for an expedited briefing schedule.

3

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order (Record Document 2) is hereby **DENIED**.  This matter is hereby REFERRED to Magistrate Judge Hornsby for an expedited briefing schedule.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of January, 2026.

                                              _____
                                              S. MAURICE HICKS, JR.
                                              UNITED STATES DISTRICT JUDGE